# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAHA ZORBA,

     Plaintiff,

v.

WELLS FARGO BANK N.A., EQUIFAX
INFORMATION SERVICES, LLC., EXPERIAN
INFORMATION SOLUTIONS, INC., AND
TRANS UNION, LLC,

     Defendants.

CIVIL ACTION 1:15-CV-08387

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer
and Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf
of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax
denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint,
Equifax responds as follows:

### NATURE OF THE ACTION

1.     This is an action by a consumer seeking actual, statutory, punitive damages,
attorney fees, and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA"),
15 U.S.C. §1681 et seq.

**ANSWER:**    Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2.    This action arises under, and is brought pursuant to, the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

**ANSWER:**    To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction.

3.    Venue in this district is proper because each Defendant does business in this district and the all relevant acts or omissions harming Plaintiff occurred in this district.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

## PARTIES

4.    Plaintiff is a natural person who resides in the Northern District of Illinois. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b).  The Plaintiff is also a debtor as defined by the Bankruptcy Code, 11 U.S.C. §101(13).

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies them.

## EQUIFAX

5.    Equifax Information Services, LLC. ("Equifax") is a corporation incorporated in the state of Georgia, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State.  It has a registered agent located in Illinois.

**ANSWER:**    Equifax admits the allegations in Paragraph 5.

6.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

**ANSWER:**     Equifax admits the allegations in Paragraph 6.

7.     Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**ANSWER:**     Equifax admits the allegations in Paragraph 7.

EXPERIAN

8.     Experian Information Solutions, Inc. ("Experian") is a corporation incorporated in the state of Ohio, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State.  It has a registered agent located in Illinois.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10.     Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

**TRANS UNION**

11.     Trans Union, LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business in Chicago, Illinois.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     Trans Union is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

**WELLS FARGO BANK, N.A.**

14.     Wells Fargo Bank, N.A. ("Wells Fargo") is a financial institution with headquarters located in Sioux Falls, South Dakota, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State.  It has a registered agent located in Illinois.  Wells Fargo Home Mortgage and Wells Fargo Dealer Services are divisions of Wells Fargo Bank, N.A.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies them.

15.     Wells Fargo is a furnisher of information to the major credit reporting agencies (commonly known as Equifax, Experian and Trans Union) ("CRAs") under the trade names Wells Fargo Home Mortgage ("WFHM") and Wells Fargo Dealer Services ("WFDS").

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

### BANKRUPTCY CASE

16.     On October 12, 2012, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-40615.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.     Wells Fargo was a properly listed and scheduled creditor in Plaintiff's bankruptcy. *See* Exhibit A, a true and correct copy of Plaintiff's Chapter 13 bankruptcy Schedule D filed with the court.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit A speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies them.

18.     Plaintiffs Schedule D listed a WFHM account secured by property located at 500 Manda Lane, Apartment 506, Wheeling, Illinois 60090 ("subject property"). *Id.*

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit A speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies them.

19.     Plaintiffs Schedule D also listed a WFDS account secured by a 2013 Chevy Avalanche truck ("subject vehicle"). *Id.*

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit A speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies them.

20. On or about October 17, 2012, the Bankruptcy Noticing Center ("BNC") served Wells Fargo with notices of Plaintiffs Chapter 13 bankruptcy filing and Plaintiffs Original Chapter 13 Plan. *See* Group Exhibit B, true and correct copies of the BNC Certificates of Notice establishing service of the Notice of Chapter 13 Bankruptcy Case and Plaintiffs Original Chapter 13 Plan upon Wells Fargo.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit B speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies them.

21. Plaintiffs Original Chapter 13 Plan proposed to treat the WFHM account as follows:

> "2. Debtor is surrendering the real property located at 500 Manda Lane, Apartment 506, Wheeling, Illinois 60090 to Wells Fargo Home Mortgage, in full satisfaction of its claims." *Id.,* Original Chapter 13 Plan at p. 5.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit B speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies them.

22. Plaintiffs Original Chapter 13 Plan proposed to treat WFDS account as follows:

> "7. Debtor shall make payments directly to Wells Fargo Dealer Services for the 2013 Chevy Avalanche." *Id.*

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit B speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies them.

23.     On October 23, 2012, Wells Fargo, through its counsel Codilis & Associates, P.C., filed an Entry of Appearance and Request for All Notices in Plaintiffs bankruptcy case. *See* Exhibit C, a true and correct copy of Wells Fargo's Entry of Appearance and Request for All Notices filed in Plaintiffs bankruptcy.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit C speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies them.

24.     On November 26, 2012, Debtor filed a Modified Chapter 13 Plan.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.     On November 29, 2012, the BNC served Wells Fargo with Plaintiffs Modified Chapter 13 Plan. *See* attached Exhibit D, a true and accurate copy of the Certificate of Notice executed by the BNC establishing service of Plaintiff's Modified Chapter 13 Plan upon Wells Fargo.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit D speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies them.

26.     Plaintiff's Modified Chapter 13 Plan contained language in Section G of the Plan that again stated:

> "2. Debtor is surrendering the real property located at 500 Manda Lane, Apt. 506, Wheeling, Illinois 60090 to Wells Fargo Home Mortgage, in full satisfaction of its claims;" and

> "7. Debtor shall make payments directly to Wells Fargo Dealer Services for the 2013 Chevy Avalanche." *Id.*

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit D speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies them.

27. Wells Fargo did not object to its treatment in Plaintiff's Modified Chapter 13 Plan.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

28. On November 30, 2012, Plaintiff's Modified Chapter 13 Plan was confirmed by the Honorable Judge Donald R. Cassling. *See* attached Exhibit E, a true and correct copy of the Confirmation Order.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit E speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies them.

29. Plaintiff fully performed her duties as set forth in her confirmed Chapter 13 Plan, including making timely payments to WFDS for the subject vehicle.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

30. On August 6, 2013, Debtor was granted a discharge of all her dischargeable debts, including the WFHM account secured by the subject property.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies them.

31.     On August 8, 2013, the BNC served Wells Fargo with the Discharge Order.  *See* attached Exhibit F, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Wells Fargo.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit F speaks for itself.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies them.

32.     The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the Debtor ...  The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged."  *Id* at p. 2.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit F speaks for itself.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33.     Having surrendered the subject property to WFHM in her bankruptcy, Plaintiff's personal liability on the subject property loan was extinguished via her bankruptcy discharge.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.     To this day, Plaintiff has continued to make timely payments directly to WFDS for the subject vehicle.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE**

35.     After her discharge, Plaintiff began to receive phones calls and letters from WFHM seeking payment on the subject property.

**ANSWER:**     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies them.

36.     Concerned and confused about the effect of her bankruptcy discharge, Plaintiff obtained a copy of her three-bureau consumer credit file.  *See* Exhibit G, a true and correct copy of relevant pages from Plaintiff's Experian three-bureau consumer credit file, dated April 28, 2014.

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit G speaks for itself.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies them.

37.     The April 28, 2014 credit report revealed that all three CRAs reported the WHIM account [# 708015923] with a balance of $99,438 and a past-due amount of $14,399.[1] *Id.*

**ANSWER:**     Equifax responds that the document attached to the Complaint as Exhibit G speaks for itself.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, denies them.

38.     Additionally, the CRAs reported the WFDS account [# 51928005] as paid through Plaintiff's Chapter 13 bankruptcy, when in fact, Plaintiff is making timely payments directly to WFDS, pursuant to the terms of her Modified Chapter 13 Plan.  *Id.*

---

[1] Because the Chapter 13 discharge "eliminates a debtor's legal obligation to pay," the credit reporting industry standards for reporting accounts discharged through Chapter 13 bankruptcy call for reporting both a balance and past due amount of zero. *See* Exhibit H, a true and correct copy of "Frequently Asked Questions and Answers 28," excerpted from the 2011 Consumer Data Industry Association's ("CDIA") Credit Reporting Resource Guide.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit G speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies them.

### Plaintiff's Written Dispute to the CRAs

39.     On or about August 8, 2014, Plaintiff sent a written dispute to the CRAs requesting that her credit file be updated to reflect the zero balance and discharged status of all accounts discharged in her bankruptcy ("dispute"). Plaintiff attached the relevant bankruptcy documents to her dispute. *See* Group Exhibit **I,** true and correct copies of Plaintiff's dispute to the CRAs.

**ANSWER:** Equifax admits that it received a written dispute from Plaintiff dated August 8, 2014. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, denies them.

40.     Among other things, Plaintiff's dispute stated the following:

a.     "I am enclosing a copy of the Order Discharging Debtor;"

b.     "Please update the subject credit file(s) to reflect the discharged status of the debts;"

c.     "Report a current balance of '0' on all discharged accounts;

d.     "Specifically, I am requesting an investigation into the following accounts: ...Wells Fargo Home Mortgage Account No. 708015923xxxx ... should list a zero balance ... ;" and "Wells Fargo Dealer Services, Account No. 51928005 ... I am paying on this vehicle as agreed ..."

e.     "I request that you forward this letter, and the enclosures, to each of the creditors listed above." *Id.*

**ANSWER:** Equifax states that the dispute letter speaks for itself.

**Equifax's Response**

41.     On August 23, 2014, Equifax responded to Plaintiff's dispute.  Equifax stated in its response, "We have researched the [WFHM] account [# 708015923] ... Please be advised that this account is currently reporting as included in bankruptcy on your credit file."  *See* Exhibit J, a true and correct copy of Equifax's August 23, 2014 investigation results submitted by Equifax to Plaintiff.

**ANSWER:**     Equifax states that the reinvestigation results speak for themselves.

42.     According to Equifax's response, the WFHM account had a balance of $99,438, a past due amount of $15,762, a scheduled payment amount of $751, the date of first delinquency was October 2012 (the same month Plaintiff filed her Chapter 13 bankruptcy), and the date of fist major delinquency was August 2014 (the same month Plaintiff received her bankruptcy discharge).[2] *Id.* at p. 2.

**ANSWER:**     Equifax states that the reinvestigation results speak for themselves.

43.     With regards the WFDS account, Equifax stated "We have researched the [WFDS] account [# 51928005] ...  This account is currently reporting as included in bankruptcy." *Id.* at p. 4.

**ANSWER:**     Equifax states that the reinvestigation results speak for themselves.

44.     According to Equifax's response, the WFDS account had a date of last payment of July 2014, but listed an actual payment amount of $0.  Despite the fact that Plaintiff was never late on the subject vehicle payments, Equifax's response listed the date of first delinquency as October 2012, and the date of first major delinquency as November 2012.  *Id.*  The response also

---

[2] Credit reporting industry standards require that no late payments are reported in the months following the filing of a Chapter 13 bankruptcy. *See* Exhibit H.

indicated that the WFDS account was included in "Bankruptcy Chapter 7." Equifax's response does not display any payment history for the WFDS account.

**ANSWER:** Equifax states that the reinvestigation results speak for themselves.

### Experian's Response

45. On August 23, 2014, Experian responded to Plaintiff's dispute. Experian stated in its response that it "updated" both of the Wells Fargo accounts. *See* Exhibit K, a true and correct copy of Experian's August 23, 2014 investigation results submitted by Experian to Plaintiff.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies them.

46. With regards to the WFHM account [# 708015923], Experian inaccurately displayed a balance of $99,438 through July 2014 in the "Account history" section of the trade line, a scheduled payment amount of $889, and multiple post-bankruptcy filing late payments. *Id.* at pp. 5-6.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies them.

47. With respect to the subject vehicle account [# 51928005] Experian actually removed ten months of positive payment history.[3] *Id.* at p. 9; cf. Exhibit G.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them.

### Trans Union's Response

48. On September 10, 2014, Trans Union responded to Plaintiffs dispute. Trans Union stated in its response that it reported "NEW INFORMATION" for both of the Wells

---

[3] Deletion of positive payment history has a significant adverse affect on a consumer's credit rating.

Fargo accounts. *See* Exhibit L, a true and correct copy of Trans Union's September 10, 2014 investigation results submitted by Trans Union to Plaintiff.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies them.

49. Trans Union's response listed both Wells Fargo accounts' pay status as "Included in Bankruptcy," but did not display any payment history for either account or reflect the discharged status of the WFHM account.[4] *Id.*

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them.

### Credit File Post Dispute and Continued Inaccurate Information

50. On October 9, 2014, Plaintiff again obtained her three-bureau credit report from Experian. *See* Exhibit M, a true and correct copy of relevant pages from Plaintiff's three-bureau credit report from Experian, dated October 9, 2014.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit M speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies them.

**a. Equifax**

51. As of October 9, 2014, Equifax continued to inaccurately report the WFHM account [# 708015923] with a balance of $99,438 and a past-due amount of $15,762, and a monthly payment of $751. *Id.* Equifax reported the payment status as "Making regular payments under [Wage Earner Plan]." *Id.*

---

[4] [4] Credit reporting industry standards call for reporting the WFHM account as discharged. *See* Exhibit H.

**ANSWER:** Equifax responds that the document attached to the Complaint as Exhibit M speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies them.

**b. Experian**

52. With regards to the WFHM account [# 708015923], Experian did not display the "Account history" section that appeared in Experian's earlier response to Plaintiff's dispute, but rather indicated that the WFHM account was delinquent until it was included in a "payment plan" in August 2013 (the same month as Plaintiff's bankruptcy discharge). *Id.*

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies them.

53. With regards to the WFDS account [# 51928005], Experian continues to omit ten months of positive payment history from the subject vehicle account. *Id.;* cf. Exhibit G.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them.

**c. Trans Union**

54. As of October 9, 2014, Trans Union reported the WFHM account [# 708015923] payment status as "Wage earner or similar plan," with no indication of Plaintiff's bankruptcy discharge. *Id.*

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies them.

55. With regards to the WFDS account [# 51928005], it appears Trans Union actually removed nineteen months of positive payment history on the subject vehicle account. *Id.;* cf. Exhibit G.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies them.

### Harm Caused by Inaccurate Credit Reporting

56.    Plaintiff filed her Chapter 13 bankruptcy nearly three years ago, seeking a fresh start in life.  Since then she has taken diligent steps to rebuild her credit.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies them.

57.    Defendants' inaccurate credit reporting has thwarted Plaintiff's efforts to do so; the inaccurate and incomplete reporting has had a significant negative impact on Plaintiff's credit rating.

**ANSWER:**    Equifax denies the allegations in Paragraph 57 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, therefore, denies them.

58.    In October 2014, Plaintiff was denied employment based on her consumer credit file, as part of an employment background check.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

59.    Plaintiff is in search of new employment, but cannot obtain another position in her field due to Defendants' erroneous credit reporting.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.    Plaintiff was also denied financing on multiple occasions.  In particular, Plaintiff, who is a frequent flyer and a United Mileage Plus member, was denied for a United Explorer card.  *See* Exhibit N, a true and correct copy of a letter denying Plaintiff the extension of credit.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61. Plaintiff has also had to pay an increase in her homeowners and auto insurance policies as a result of Defendants' inaccurate credit reporting.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies them.

62. As a result of the conduct, actions, and inaction of Defendants, Plaintiff suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her dispute, and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment and credit denials.

**ANSWER:** Equifax denies the allegations in Paragraph 62 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, therefore, denies them.

63. Wells Fargo deliberately reports inaccurate and incomplete information to the CRAs as a means to coerce Plaintiff into payment because Wells Fargo knows that the inaccurate reporting on the WFHM and WFDS accounts will have a significant impact on Plaintiff's ability to obtain credit.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies them.

64. CRA Defendants equally know that the subject property was surrendered in full satisfaction, and that the subject vehicle account is paid as agreed—Plaintiff sent her Bankruptcy information in her dispute. However, they continue to report the inaccurate and incomplete information provided by Wells Fargo.

**ANSWER:** Equifax denies the allegations in Paragraph 64 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and, therefore, denies them.

65. The ongoing refusal of Wells Fargo to correct the inaccurate information, along with the CRA's reporting of the same, amounts to willful conduct in violation of the FCRA.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies them.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST THE CRAS)

66. Plaintiff realleges and reincorporates paragraphs 1 through 65 above as if fully set out herein.

**ANSWER:** Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 65.

67. CRA Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit files it published and maintained concerning Plaintiff—they received Plaintiff's bankruptcy information, but failed to update Plaintiff's credit file accordingly.

**ANSWER:** Equifax denies the allegations in Paragraph 67 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and, therefore, denies them.

68.     CRA Defendants violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate.

**ANSWER:**     Equifax denies the allegations in Paragraph 68 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, therefore, denies them.

69.     CRA Defendants violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that they received relating to Plaintiff's dispute.

**ANSWER:**     Equifax denies the allegations in Paragraph 69 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and, therefore, denies them.

70.     CRA Defendants violated 15 U.S.C. §1681i(a)(5)(A) by failing to delete or modify the inaccurate information which was the subject of Plaintiff's dispute and could not be verified.

**ANSWER:**     Equifax denies the allegations in Paragraph 70 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and, therefore, denies them.

71.     As pled in paragraphs 56 through 62 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of the CRA Defendants.

**ANSWER:**     Equifax denies the allegations in Paragraph 71 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, therefore, denies them.

72.     As pled in paragraphs 63 through 65 above, the conduct, action, and inaction of the CRA Defendants was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**     Equifax denies the allegations in Paragraph 72 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and, therefore, denies them.

73.     In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**     Equifax denies the allegations in Paragraph 73 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, therefore, denies them.

74.     WHEREFORE, Plaintiff, Maha Zorba, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.     declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     ordering the deletion or modification of all adverse credit reporting relating to the subject debts;

c.     awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.     awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.     awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.     awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g.     awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Equifax denies Plaintiff is entitled to any relief claimed in his Complaint.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST WELLS FARGO)

75. Plaintiff realleges and reincorporates paragraphs 1 through 65 above as if fully set out herein.

**ANSWER:** Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 74.

76. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving the request for investigation from the CRAs triggered by Plaintiff's dispute.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

77. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRAs relating to Plaintiff's dispute.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies them.

78. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the incorrect information, with respect to the subject debt.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies them.

79. As pled in paragraphs 56 through 62 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of Wells Fargo.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies them.

80.    As pled in paragraphs 63 through 65 above, the conduct, actions, and inaction of Wells Fargo were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies them.

81.    In the alternative, Wells Fargo was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies them.

WHEREFORE, Plaintiff, Maha Zorba, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    declaring that the practices complained of herein are unlawful and violate the aforementioned statue;

b.    ordering the deletion of all adverse credit reporting relating to the subject debts;

c.    awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.    awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.    awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.    awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g.    awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:**    Equifax denies Plaintiff is entitled to any relief claimed in his Complaint.

22

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

**<u>Sixth Defense</u>**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**<u>Seventh Defense</u>**

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     it have a trial by jury for all issues so triable;

(3)     it recover such other and additional relief as the Court deems just and appropriate.

Dated: November 5, 2015

Respectfully submitted,

/s/  *Rodney Lewis*
Rodney Lewis
Colleen Walter
POLSINELLI P.C.
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: (312) 819-1900
Fax: (312) 819-1910
rodneylewis@polsinelli.com
cwalter@polsinelli.com

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a copy of the foregoing document to be electronically

filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of

record:

Ahmad Tayseer Sulaiman
Mohammed Omar Badwan
Daniel John McGarry
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523

William R. Brown
John F. Gillespie
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

Michael Joseph Sreenan
Michael J. Sreenan
1341 West Fullerton Avenue, No. 175
Chicago, IL 60614

Dated this 5th day of November, 2015.

/s/  *Rodney Lewis*