# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAHA ZORBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 8387 |
| | ) |
| WELLS FARGO BANK N.A., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Equifax Information Services, LLC ("Equifax") has filed a responsive pleading to the First Amended Complaint ("FAC") brought against it and other defendants under the Fair Credit Reporting Act (the "Act"). This memorandum order is issued sua sponte because of (1) two pervasive errors contained in a great many paragraphs of the Answer, as well as (2) some problematic aspects of Equifax's purported affirmative defenses ("ADs") to the FAC.

One such troublesome error in the Answer runs through the large number of its paragraphs that invoke the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5). This Court has not sought to review, let alone challenge, the substantive propriety of any of those invocations -- that task will be left to the counsel for plaintiff Maha Zorba ("Zorba"). Instead the Answer's problem is its constant repetition of the phrase "and, therefore, denies them" following each such disclaimer. It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then to

proceed to <u>deny</u> it.  Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

If that were the only problem with the Answer, there would be no need for any repleading on the part of Equifax's counsel -- this Court could simply strike the offending language wherever it appears, and it now does so.  But another repeated violation of proper pleading principles in the Answer is its repeated failure to answer the FAC's allegations about documents, instead proffering a totally uninformative assertion that the document "speaks for itself" (see, e.g., FAC ¶¶ 17, 18, 20-23, 25, 26, 36, 37, 40-44, 50 and 51[1]).  That is unacceptable -- in that respect, Equifax's counsel's attention is drawn to App'x ¶ 3 in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279  (N.D. Ill. 2001).

Finally, with Equifax's counsel having to return to the drawing board in any event to cure the flaw referred to in the preceding paragraph, attention should also be directed to the pleading's purported ADs.  Here are some problems that a quick review of those ADs has spotted:

1. AD 1, which advances the equivalent of a Rule 12(b)(6) motion, is really not an appropriate AD, for its inclusion by Equifax's counsel leaves it as a ticking time bomb subject to detonation at some unscheduled future date.  If the FAC is indeed vulnerable to dismissal (which seems doubtful when, as required of any AD, the well-pleaded allegations of the FAC are taken as gospel -- see App'x ¶ 5 to <u>State Farm</u>), the motion should be advanced now with appropriate support.  Hence AD 1 is stricken.

---

[1] If this memorandum order has missed any other instances of that violation, Equifax's counsel is advised that such omission was simply the result of a proofreading oversight.

2. AD 2 appears to be at odds with various allegations of the FAC to which Equifax has voiced its impermissible "speaks for itself" nonresponse. So AD 2 is also stricken, without prejudice to its possible readvancement as an addition to a proper Answer.

3. AD 3 is also stricken as inconsistent with Equifax's obligation to credit the FAC's well-pleaded allegations for purposes of any ADs.

4. AD 4 is impermissibly amorphous -- if Equifax wishes to call upon one or more defenses set out in the Act, it must do so in compliance with the notice pleading principles that govern federal pleading. As now framed, AD 4 is stricken as well.

5. Just how does Equifax's counsel know of any claimed failure on Zorba's part to mitigate whatever damages Zorba has sustained? That contention is clearly speculative (and at best premature), and AD 5 is stricken too.

6. Although AD 6 may perhaps be problematic, depending as it does on what may be revealed through discovery, it will be permitted to stand for now.

7. AD 7's blunderbuss assertion is totally uninformative in substantive terms to the reader whom that AD calls upon to hunt through the four Supreme Court decisions cited there. It too is stricken.

Because so much of the responsive pleading requires correction, it is stricken in its entirety, with Equifax's counsel allowed until December 4, 2015 to file a self-contained responsive pleading. But no charge may be made to Equifax by its counsel for the added work and expense incurred in correcting counsel's errors. Equifax's counsel are ordered to apprise

their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 16, 2015